IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2011 NOV 29 PM 1:45
CLERK R Cur
SO. DIST. OF GA.

ERVIN SINGLETON,

Plaintiff,

v.

CIVIL ACTION NO.: CV211-159

PUBLIC DEFENDER OFFICE;
GLYNN COUNTY; and CHAD
TAYLOR, Public Defender,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ervin Singleton ("Plaintiff"), an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendant Chad Taylor, an employee of the Glynn County Public Defender Office, failed to appear in court to represent Plaintiff during his plea hearing. Plaintiff asserts that, as a result, his Sixth Amendment rights were violated. Plaintiff seeks to have his conviction vacated.

Plaintiff names Taylor, the Glynn County Public Defender Office, and Glynn County as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

AO 72A
(Rev. 8/82)

Plaintiff fails to make any allegations that Defendant Taylor is a person acting under color of state law. Moreover, "the Supreme Court has held 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Wilson v. Dollar-Thrifty Auto Group-South Fla. Transport, 286 F. App'x 640, 641–42 (11th Cir. 2008) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff alleges harm caused by a private actor. Additionally, he never alleges any harm caused by the Glynn County Public Defender Office. To the extent that Plaintiff named the Glynn County Public Defender Office under a theory of respondeat superior, Plaintiff has not shown that he has a cognizable § 1983 claim against its employee, Defendant Taylor. Plaintiff also never alleges any harm caused by Glynn County.

Furthermore, Plaintiff's requested relief is not appropriate for an action filed under § 1983. In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v.

AO 72A
(Rev. 8/82)

Humphrey, 512 U.S. 477 (1994). Plaintiff asks this Court to vacate his conviction. Such a request clearly falls within the realm of a habeas petition, brought pursuant to 28 U.S.C. § 2254, as opposed to an action under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE